IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND


ATTORNEY GRIEVANCE          *
COMMISSION OF MARYLAND

           Plaintiff       *

       VS.              * CIVIL ACTION NO. MJG-16-1591

JASON EDWARD RHEINSTEIN     *

           Defendant       *

*      *      *      *      *      *      *      *      *

## MEMORANDUM AND ORDER RE: REMAND

The Court has before it Plaintiff Attorney Grievance Commission of Maryland's Motion for Remand for Lack of Federal Jurisdiction [ECF No. 12] and the materials submitted relating thereto.  The Court finds a hearing unnecessary.


I.    BACKGROUND

On February 17, 2016, the Attorney Grievance Commission of Maryland ("AGC") filed, in the Maryland Court of Appeals, a Petition for Disciplinary or Remedial Actions [ECF No. 2] against Jason Edward Rheinstein ("Rheinstein").  On February 19, 2016, the Court of Appeals of Maryland transmitted the Petition to the Circuit Court for Anne Arundel County to hold a judicial hearing pursuant to Maryland Rule 16-757. [ECF No. 3].

On May 23, 2016, Rheinstein filed a Notice of Removal [ECF No. 5] in this Court.  Rheinstein contends that this Court can

exercise jurisdiction over the case by virtue of 28 U.S.C.
§ 1441 (federal question jurisdiction) and 28 U.S.C. § 1442
(federal officer jurisdiction).

By the instant motion, the AGC seeks remand due to the
absence of federal jurisdiction and, alternatively, contends
that even if there were federal jurisdiction, this Court should
abstain.


II. <u>JURISDICTIONAL PRINCIPLES</u>

Rheinstein, the party invoking federal jurisdiction, has
the burden of establishing that removal is proper and that the
Court has subject matter jurisdiction. <u>Mulcahey v. Columbia
Organic Chemicals Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Removal statutes should be strictly construed, and if
"federal jurisdiction is doubtful, a remand is necessary." <u>Id</u>.

Even there is federal jurisdiction; federal courts must
abstain from interfering in state proceedings "absent
extraordinary circumstances." <u>Middlesex Cty. Ethics Comm. v.
Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982).


III. <u>DISCUSSION</u>

As discussed herein, Rheinstein has failed to establish
that the Court can exercise jurisdiction over the instant case.

2

Moreover, even if the Court were to have jurisdiction, it would abstain and remand the case to proceed in state court.


A.    Federal Question Jurisdiction

Federal question jurisdiction is provided by 28 U.S.C. § 1331 which states:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

To determine whether federal question jurisdiction exists, a court must look to the complaint to decide whether the cause of action is created by federal or state law. Mulcahey, 29 F.3d at 151.  If the cause of action is created by state law, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a substantial question of federal law.'" Id.  Federal question jurisdiction over a state law claim will arise if the claim states a federal issue that is actually disputed and substantial, "which a federal forum may entertain without disturbing" the balance of federal and state judicial proceedings.  Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).

The instant suit presents claims arising under the Maryland Attorneys' Rules of Professional Conduct.  The fact that some —

but by no means all[1] — of Rheinstein's alleged unethical actions related to cases in federal court[2] does not render the instant case one presenting claims based upon federal law.

The Maryland Court of Appeals is the "ultimate arbiter of any claims concerning attorney misconduct in the State of Maryland, and the rules and procedures governing an Attorney Grievance action are predicated upon the Court of Appeals having jurisdiction to hear such a case." Attorney Grievance Comm. v. Pak, 400 Md. 567, 600 (2007); see also Md. Rule 19-308.5 ("[A]n attorney admitted by the Court of Appeals to practice in this State is subject to the disciplinary authority of this State, regardless of where the attorney's conduct occurs.")

Accordingly, the Court does not have federal question jurisdiction over the instant case.


B.   Federal Officer Removal

Federal officer jurisdiction is provided by 28 U.S.C. § 1442(a)(1) that permits the removal of "[a] civil action or

---

[1]   Moreover, even if all of Rheinstein's alleged unethical actions had occurred in federal cases, the instant case would, nevertheless, not necessarily be within the federal question jurisdiction of this Court.
[2]   The AGC Complaint alleges that in certain related cases in federal and state court, Rheinstein filed frivolous complaints and motions, sent profane and threatening emails to opposing counsel, and in a hearing erroneously led a state court to believe that the opposing party and its officers were under an investigation by the Department of Justice, among other things.

criminal prosecution that is commenced in a State court and that

is against . . . any officer (or any person acting under

that officer) of the United States or of any agency thereof, in

an official or individual capacity, for or relating to any act

under color of such office . . . ."[3]

Federal officer jurisdiction "must be predicated upon

averment of a federal defense." Mesa v. California, 489 U.S.

121, 139 (1989).  In Kolibash v. Comm. on Legal Ethics of W. Va.

Bar, 872 F.2d 571, 574 (4th Cir. 1989), the Fourth Circuit

allowed removal of a state disciplinary proceeding involving a

United States Attorney by liberally construing the defendant

United States Attorney's answer as "akin to pleading a defense

of [prosecutorial] immunity."

Rheinstein contends that, as counsel for the relator[4] in a

qui tam proceeding under the False Claims Act, 31 U.S.C. § 3729

et seq. ("FCA"), he acted as an agent of the United States and

---

[3]   Removal is appropriate where the proceeding is a civil
action or a criminal prosecution, however a "disciplinary
proceeding does not function as a civil action because it does
not involve two parties, one seeking damages or equitable relief
from another... Nor does a disciplinary proceeding function as a
criminal prosecution since punishment of an attorney is not the
goal of the disciplinary process." Matter of Doe, 801 F.Supp.
478, 483 (D.N.M. 1992). In the instant case, this disciplinary
proceeding does not qualify as a civil action or criminal
prosecution.

[4]   Qui tam relators are not officers of the United States;
rather a relator "is merely a representative agent of the
Government, not an appointed 'officer.'" Friedman v. Rite Aid
Corp., 152 F.Supp.2d 766, 771 (E.D. Pa. 2001).

that claims predicated upon his acts as federal agent may be
removed. See <u>Watson v. Philip Morris Companies, Inc.</u>, 551 U.S.
142, 151 (2007)("Where a private person acts as an assistant to
a federal official in helping that official to enforce federal
law, <u>some</u> of these same considerations <u>may</u> apply."(emphasis
added)).

Although counsel for a relator is an agent for the
Government for standing purposes in an FCA case, counsel is not
subject to the same type of control that a federal prosecutor is
and does not take direction from a Government officer.[5]
Moreover, Rheinstein has failed to show that he "was required by
the government to take actions that subjected [him] to liability
under state law." <u>Alsup v. 3-Day Blinds, Inc.</u>, 435 F. Supp. 2d
838, 846 (S.D. Ill. 2006).

The U.S. District Court for the District of Maryland has
adopted the Maryland Rules of Professional Conduct, thus there
is no conflict between the ethical duties Rheinstein owed as
counsel for a relator and that he owed as a member of the
Maryland Bar. <u>See</u> Local Rule 704 (D.Md. 2016).

---

[5]    <u>Compare</u> <u>Winters v. Diamond Shamrock Chem. Co.</u>, 149 F.3d
387, 398 (5th Cir. 1998)(allowing removal under § 1442 in a case
against the manufacturers of Agent Orange because the Government
exercised control over the composition and production of Agent
Orange and compelled the defendants to deliver it under threat
of criminal sanctions).

The ethical misconduct claims asserted by the AGC Complaint are not based on the fact that Rheinstein was counsel in federal qui tam litigation.  In fact, Rheinstein is alleged to have engaged in a course of unethical conduct in regard to related state and federal cases.

Rheinstein has not presented any plausible federal law defense.  Moreover, Rheinstein's attempted reliance upon 28 U.S.C. § 1442(a)(2) is unavailing.[6]

Accordingly, the Court does not have federal officer jurisdiction over the instant case.


C.   Abstention Principles

Even if this Court were found to have the ability to exercise jurisdiction over the instant case, it would abstain to exercise that jurisdiction.

The Supreme Court recognizes "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty.

---

[6]   28 U.S.C. § 1442(a)(2) provides removal for "[a] property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States."  Rheinstein contends — without presenting authority or persuasive reasoning — that a state court would not have access to records of the pertinent qui tam cases, as they are under seal and subject to the control of the federal court, and would not have the power to obtain testimony from key witnesses, such as government agents. Nor has Rheinstein presented any plausible basis for concluding that § 1442(a)(2) is at all pertinent to the instant motion.

<u>Ethics Comm.</u>, 457 U.S. at 431.  Federal courts must abstain from interfering if the state court proceedings "constitute an ongoing state judicial proceeding," if the proceedings "implicate important state interests," and if there is "an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Id</u>. at 432.

The attorney disciplinary action against Rheinstein is an ongoing state judicial proceeding involving important state interests in regard to the regulation of attorney misconduct. The state courts provide adequate opportunity for Rheinstein to defend himself and to raise any available constitutional issues. The instant case presents no circumstances, much less extraordinary circumstances, warranting the exercise of federal jurisdiction over the instant case.

Accordingly, were the Court to have found federal jurisdiction, it would nevertheless have abstained and remanded the case to proceed in state court.

V.    <u>CONCLUSION</u>

For the foregoing reasons:

1. Plaintiff Attorney Grievance Commission of Maryland's
   Motion for Remand for Lack of Federal Jurisdiction
   [ECF No. 12] is GRANTED.

2. By separate Order the Court shall remand the case to
   state court.

SO ORDERED, on <u>Friday, March 17, 2017</u>.

                              _____
                                      /s/
                              Marvin J. Garbis

                        United States District Judge